# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Michelle Renee Harris

Plaintiff/Petitioner - Appellant,
Pro Se

v.

Laura Kelly
David McCabe
Megan Davis
Dalton Hartpence

Defendant/Respondent - Appellee.

Case No. 24-3150

Appellant/Petitioner's Opening Brief

## NOTICE AND INSTRUCTIONS

If you proceed on appeal pro se, the court will accept a properly completed Form A-12 in lieu of a formal brief. This form is intended to guide you in presenting your appellate issues and arguments to the court. <u>If you need more space, additional pages may be attached</u>. A short statement of each issue presented for review should precede your argument. Citations to legal authority may also be included. This brief should fully set forth all of the arguments that you wish the court to consider in connection with this case.

New issues raised for the first time on appeal generally will not be considered. An appeal is not a retrial but rather a <u>review</u> of the proceedings in the district court. A copy of the completed form must be served on all opposing counsel and on all unrepresented parties and a proper certificate of service furnished to this court. A form certificate is attached.

# APPELLANT/PETITIONER'S OPENING BRIEF

1. **Statement of the Case.** ~~(This should be a brief summary of the proceedings in the district court.)~~ Is predicated on the unfounded and groundless allegations by the Defendants made in a letter (Exhibit #2) and still used as the basis by the Defendants in placing me in, and keeping me in, OSR and RH status. This status is both Discriminatory and Hateful against me as a Female Transgender, and is causing me enormously painful stress, anxiety and depression that in totality are adversely affecting my physical and mental well-being. See, Original Brief, pages 7-9.

2. **Statement of Facts Relevant to the Issues Presented for Review.**

On July 8, 2024 the Court ruled, "Plaintiff has failed to show cause why her claims should not be dismissed for failure to state a claim"

The court made numerous errors in judgment. Mistakes that produced the false belief that Petitioner had not stated a claim which gave rise to a cause of action; violated my Due Process Rights under 14th Amendment, and equal Protection under the law. Petitioner did state a claim.

To state a claim of action under 42 USC S § 1983 the U.S. Supreme Court required only two elements; "First, a plaintiff must allege that some person has deprived him of a federal right." "Second, he must allege that the person who has deprived him of the right acted under color of law." Baltoski v. Pretorius, 291 Supp 2d 99 (2003)

In my original complaint (10-12-23) I stated, "This complaint rest upon the claims that her Constitutional, civil and legal Rights are presently, and have at all times mentioned herein, violated by the Defendant." Id at P5, I have met the above standard in my Amended Complaint [DOC# 12] First, by checking "yes" in the box, stating

Statement of Facts ... Continued (page 2)

which relief may be granted: 28 USC § 1915A(b)(1)-(2).

The purpose of the Martinez report is to identify and clarify the issues plaintiff raised in his complaint. Martinez 570 F.2d at 319, and aids the court in its broad reading of the pro se litigant's pleading under Haines, 404 U.S. at 520-21, by supplementing a plaintiff's often inadequate description of the practice that he contends are unconstitutional.

The Haines Rule applies to all proceedings involving a pro se litigant including, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings, Reynoldson v. Shilling, 907 F.2d 124, 126 (10th Cir 1990).

The District Court failed to follow any of the case law rules, and regulations stated above and dismissed two of the Defendants despite the fact that their involvement in my case was paramount to any discovery and ability to prove the truth of my allegations! They are Mrs Doeg (fmr. Warden (then Major) and Mrs Hall-Vina, Unit team manager, and lied about my situation to the court on multiple occasions! The two Defendants should be reinstated not only because of their importance to my case, but because of the lies they have told the court, and they both fall under the Continuing Violation Doctrine because of the 8th amendy claims of medical indifference to my serious medical needs and this has

been an ongoing policy of deliberate indifference.

In the Declaration of Linda Hall-Viera she claims in "#6 I perceive Lamb as adept at manipulating the emotions and perceptions of others. She calibrates how she act before different people."

Every mental health report and my prison file et al., contradicts that statement. The same issue with #7, and in #17, 18, and 19 a hug does not constitute a lewd act. In 23, 24, 25 she claims without any evidence that my relationship with Ms Adams was inappropriate.

In Declaration of Dora Hock #6 she claimed Ms Adams touching Lamb with her feet beneath a table in the Day room was inappropriate behavior when in fact was done in front of an officer and two Paralegals, and #7, to ask her if she wanted to see my surgery while my Doctor and nurse were checking my surgery, and #8 came from Ms Hall-Viera, and the letter references by her was clearly labeled "Request for out-of-court settlement", and was properly formed as a legal Document.

In Michelle Renee Lamb's Response to: Defendants Martinez Report was filled with self-serving statement that totally disregarded the truth and only served there own interest, made innuendos that suggest that I had done something immoral, improper,

Statement of Facts... Continued (page 4)

, etc., without a single fact to support these erroneous, false allegations. See, the above stated Report et al., and note that the District Court failed to address this violation despite the fact that they were clearly addressed by me in the above stated Brief.

On July 8, 2024 the Court ruled, "Plaintiff has failed to show cause why her claims should not be dismissed for failure to state a claim."
Petitioner filed a "Motion For Leave to File an Amended Complaint showing Good Cause as to why Her 'Claims' Should not be Dismissed", and 6 other motions. See, Brief, et al..

On 7/08/24 the Court closed "Case Closed" Petitioner's case.

On 8/19/24 Petitioner filed an "Emergency Addendum TO: Motion For Leave to File an Amended Complaint Showing Good Cause as to why Her 'Claim' Should not be dismissed."
Stating: On August 15, 24, the Mental Health Director determined that my pain and suffering caused by my Severe Gender Dysphoria, Due to my Isolation From other women, and 18 Months on Severe Restrictions due to my OSR/RH Status had aggravated my Depression, Stress and Anxiety and had become so exacerbated that she put me on Class 1 Suicide watch, and Crisis 1 watch. See, Emergency Addendum TO" et al., for the full Details.

On 9/12/24 Petitioner Filed, "Second Addendum to: Motion For Leave to File an Amended Complaint Showing Good Cause as to why Her 'Claims' Should not be dismissed."
"Placing me on crisis and suicide watch on August 13, 24, and the Knowledge learned from it, has profoundly changed the narrative and Landscape of this case." We now have indisputable evidence that my housing in 4 pod on OSR/RH status is both

Statement of Facts... Continued (page 5)

atypical, and constitutes cruel and unusual punishment. Id at page 1

In "Fourth Affidavit of Michelle Renee Hand in support of Emergency addendum" I informed this Honorable Court about the information told to me by M.S. Defendant, TCF mental Health Director." Id at page 1, and see, Fourth Affidavit... et al..

"On 8-13-24 M.S. Defendant told me her and M.S. Palvin hit a brickwall with the administration; was told I was staying on OSR/RH and had no plan to change that. a) It was this news that prompted the M.H. Director to put me on crisis and suicide watch." Id at p 3, #7

The administration's statement that, "I was staying on OSR/RH and had no plans to change that." is a clear statement that there is "no step-down program." It just another one of their lies. This is further supported by the fact that I have never received a copy of a step-down program for me. Due process requires that I be able to know what is required of me to be able to progress through the program. Id at p 2, and see, State v. Sherry, 233 Kan 920 (1983).

On 8-21-24 M.S. Defendant told me she could find no indication that I was in a step-down program, or any indication that there ever was a step-down program, and remember she is the TCF's mental Health Director.

In my "Fifth Affidavit... in support of Emergency addendum", Dr. Nelson, psychiatrist, TCF, told me at my crisis interview on 8-29-24 that "she had no idea why I'm on OSR/RH, or why I'm not in general population." Id at p.1, #6. Dr. Nelson stated that I'm not a risk or danger to anyone here at TCF, including female residence and staff. Id at p.1 #7. Dr. Nelson told me she would inform the warden, Dora Ibaok, about the above information. Id at p.2, #7.

3. **Statement of Issues.**

   a. **First Issue:** My Due Process Rights were violated under Sandine v. Conner, 515 U.S. 472 (1995) stating that "Treatment that led to an Atypical and Significant hardship."

   **Argument and Authorities:** That Megan Davis, then classification administrator wrote a letter based on false information placing me on OSR/RH status, and was approved by acting warden David McCase without due process or justification, and has resulted in 23 months of pain and suffering in violation of Edma v. Conzen, and other constitutional violations all addressed in my briefs to the District Court et al.

   b. **Second Issue:** Is the illegal ex post facto application of the Sex Offenders Registration Act.

   **Argument and Authorities:** I have no sex offense, yet in violation of Kansas Law the KDOC & TCF staff are treating me as a sex offender. This is a violation of their own policies as well as state law. I have never been even charged with a sex crime in a court of law.

3. Statement of Issues.

C. Third Issue: The illegal Interpretation of K.A.R. 44-12-315(a) resulting in 3 illegal Disciplinary Reports, Pain and Suffering. See, Original Brief, Issue 2A.

Argument and Authorities: The K.A.R., should read, "no inmate shall take part in (engage) in a sexually unchasted (Lewd), or lewd, lustful (lascivious) manner in any act of kissing, fondling, touching, or embracing, whether with a person of same or opposite sex. A hug is not a lewd or lascivious act yet that was what I was found guilty of under that act.

D. Fourth Issue: That the Defendants violated the Eighth Amendment prohibition on cruel & unusual punishment under Edmo v. Corizen. Edmo, id at p.40.
The Defendants have kept me in this toxic environment making me sick and this information was given to Defendants by mental health over and over again, making me physically sick.

Fifth Issue
E. On January 25, 2023 I received my Gender Reassignment Surgery from Dr. Meredith Gray, at KU Medical Center. See, Exhibit #1 Notarized letter from Dr. Gray.
"An inmates gender dysphoria is sufficiently serious medical need to implicate the 8th Amd.," Edmo. Id at HN(3), Page 5.

I still suffer from Gender dysphoria in the form of severe depression, stress and anxiety because I'm being denied my full transition into my female role by the Defendants by isolating me from other women - all I want is to be one of the Girls Nancy

Page 3 Continued
Page 7 of Brief and or 8 pages

4. Do you think the district court applied the wrong law? If so, what law do you want applied? Yes. See, Docket text #1, #6, #7, #12, #16, #17, #27, #30, #32, #39, #42, #46, #47, #48, #49, #50, #51 et al..

5. Did the district court incorrectly decide the facts? If so, what facts? Yes. all the facts stated in #4, this page

6. Did the district court fail to consider important grounds for relief? If so, what grounds? Yes. again all the facts stated in #4, this page

7. Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what? Yes. See, Docket text, #37, #39, #40, #41, #46, #47, #48, #49, #50, #51

8. What action do you want this court to take in your case? ORDER The Defendants to Place Petitioner in General Population where all the evidence indicates I should be, and Grant Issues 1-5 - and all Relief listed in original Brief

9. Do you think the court should hear oral argument in this case? If so, why? Yes. This is an extremely complicated case, even more complicated by all the lies told by the Defendants.

12-06-24
Date

Michelle Renee Lowe
Signature

Page 8 of Brief

## CERTIFICATE OF SERVICE

I hereby certify that on ___12-06-24___ I sent a copy of
                                      (date)
the Appellant/Petitioner's Opening Brief to __Natasha M. Carter, KDOC__

___Attorney___, at __714 SW Jackson St, Suite 300,__
(Opposing Party or Attorney)
__Topeka, KS 66603__, the last known address/email

address, by __U.S. pre paid postage__.
        (state method of service)

___12-06-24___                   ___Michelle Renee Lind___
Date                                        Signature

---

## CERTIFICATE OF COMPLIANCE

I certify that the total number of pages I am submitting as my Appellant/Petitioner's Opening Brief is 30 pages or less or alternatively, if the total number of pages exceeds 30, I certify that I have counted the number of words and the total is _____, which is less than 13,000. I understand that if my Appellant/Petitioner's Opening Brief exceeds 13,000 words, my brief may be stricken and the appeal dismissed. __My Brief is less than 30 pages__

___12-06-24___                   ___Michelle Renee Lind___
Date                                        Signature



Angelo Nepa Lang
#95322 4ND-109
Lansing Correctional Facility
1st SE Rice Rd
Topeka, KS 66607

United States Court of Appeals
For the Tenth Circuit
1523 Stout Street
Denver, Colorado 80257

Legal Mail

Scanned by US Marshal