FILED  
United States Court of Appeals  
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

May 8, 2025

Christopher M. Wolpert  
Clerk of Court

_____

MICHELLE RENEE LAMB,

    Plaintiff - Appellant,

v.

LAURA KELLY; DAVID McCABE; MEGAN DAVIS; DALTON HARTPENCE; JOHN and/or JANE DOES 1-10,

    Defendants - Appellees.

No. 24-3150  
(D.C. No. 5:23-CV-03239-JWL)  
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

_____

    This appeal is brought by Ms. Michelle Renee Lamb, who is a transgender prisoner. We dismiss the appeal because it's untimely.

---

[*]     Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the appellant's brief. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

The district court entered judgment against Ms. Lamb and denied reconsideration. Ms. Lamb had 30 days to appeal from the denial of reconsideration (August 6, 2024). Fed. R. App. P. 4(a)(1)(A). Instead of appealing, she continued filing documents in district court. Addressing these filings, the court explained that the case had been closed with the denial of reconsideration.

Ms. Lamb eventually filed a notice of appeal. But this filing was nearly a month late.[1] As a result, the notice of appeal didn't create jurisdiction and we must dismiss the appeal. *Bowles v. Russell*, 551 U.S. 205, 206–07 (2007).

While the appeal was pending, however, Ms. Lamb filed two documents: (1) *Motion for a Preliminary Injunction and Temporary Restraining Order* and (2) *Motion for Emergency Temporary Restraining Order*. (She has also filed other documents supporting the first of these motions.) Motions for restraining orders and preliminary injunctions must be filed in district court, not the court of appeals. *See* Fed. R. Civ. P. 65(a)–(b). But Ms. Lamb is pro se, so we liberally construe these motions. *See Lankford v. Wagner*, 835 F.3d 1119, 1121 (10th Cir. 2017). Because she's seeking interim injunctions, we treat her motions as requests for a

---

[1] The deadline was September 5, 2024, and she filed the notice of appeal on October 2, 2024.

2

stay of the district court's ruling while our appeal is pending. Fed. R. App. P. 8(a)(2).

But as noted above, we have now dismissed the appeal. So Ms. Lamb's requests for a stay (what she calls a *preliminary injunction and temporary restraining order*) are moot. *See, e.g.*, *FTC v. Zurixx*, 26 F.4th 1172, 1178 (10th Cir. 2022) (concluding that a request for a stay pending appeal is moot when the appeal itself is dismissed for lack of jurisdiction). Because these requests are moot, they're dismissed.

                                Entered for the Court


                                Robert E. Bacharach
                                Circuit Judge